# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARVIN PHILLIPS, on his own behalf and
others similarly situated,**

                       **Plaintiff,**

**-vs-**                                          **Case No. 6:05-cv-1742-Orl-22KRS**

**RAM ELECTRIC USA, INC.,**

                       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration after a hearing on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR ENTRY OF DISMISSAL (Doc. No. 25)** |
| **FILED:** | **June 20, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff Marvin Phillips filed a complaint in this case alleging that his former employer, Defendant Ram Electric USA, Inc. (Ram), failed to pay overtime wages due to him under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* In his answer to the Court's interrogatories, Phillips averred that he was entitled to $290.25 per week for twenty-five weeks in which he was not

paid for overtime work he performed. Phillips now asks that Court to approve a settlement of the case for a total of $250.00, inclusive of attorney's fees and costs.[1]

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for back wages under the FLSA may be settled or compromised when the Department of Labor supervised the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

I held a hearing to assess the fairness of the proposed settlement in this case. Phillips personally attended the hearing along with counsel for the parties. Counsel for Ram advised the Court that time records submitted by Phillips and payment records kept by Ram reflect that Phillips was paid overtime wages for all overtime hours he reported to Ram. Counsel for Ram also advised the Court that Ram had sued Phillips in state court, and that the settlement in this case was a resolution of both the present case and the state court action.

Counsel for Ram in the present case, Richard Celler, Esq., stated that he advised Phillips not to settle the present case on the terms set forth in the settlement agreement.[2] Marc Ossinsky, Esq., Phillips' attorney in the state court action, also attended the hearing. Ossinsky represented that he had discussed the settlement with Phillips and that Phillips agreed to it. I inquired personally of Phillips

---

[1] Although the complaint was styled as a class action, no other individuals have indicated an intention to join the case. Accordingly, I recommend that the Court treat the case as an individual rather than a class action.

[2] The settlement agreement is contained in a letter, doc. no. 25-2 ex. A. At the hearing, counsel and Phillips indicated that Phillips had accepted the settlement terms set forth in that letter. The parties also agreed that the settlement sum of $250.00 included payment of attorneys' fees and costs.

about the settlement.  Phillips indicated that he knew he could pursue his claims under the FLSA, he had had sufficient time to talk with counsel about the issues, and that he wished to settle the FLSA claims on the terms set forth in the settlement agreement to resolve all of the pending issues.

I recommend that the Court find that the settlement agreement in this case is fair.  Counsel for Ram represented at the hearing that records kept by Ram reflect that Phillips has been paid all of the overtime compensation to which he is due.  Phillips wishes to resolve the present case for a payment of $250, which is more than he would be due in overtime wages based on the records maintained by Ram.  Furthermore, Phillips has made an informed and voluntary decision to resolve the case, after consultation with two attorneys.

Accordingly, I respectfully recommend that the Court approve the settlement agreement, and dismiss this case with prejudice.  I further recommend that the Court thereafter direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 18, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy